Robert S. Rapp (USB No. 7428)
Email: rapp@austin-rapp.com
**Austin Rapp & Hardman**
170 South Main Street, Suite 735
Salt Lake City, Utah 84101
Telephone: (801) 518-7629
Facsimile: (801) 537-1799

Attorneys for Plaintiff, Orbit Irrigation Products, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah corporation, | **COMPLAINT AND DEMAND FOR JURY** |
| Plaintiff, | |
| vs. | **CIVIL ACTION NO. 1:16-cv-00045-RJS** |
| Melnor, Inc., a Delaware corporation, and Sim Supply, Inc., a Minnesota corporation | **HONORABLE JUDGE ROBERT J SHELBY** |

-1-

Orbit Irrigation Products, Inc. ("Orbit"), by and through its attorney, Robert S. Rapp, alleges for its complaint against Melnor, Inc., ("Melnor") and Sim Supply, Inc. ("Sim") (collectively, "Defendants"):

## PARTIES

1.      Orbit is a corporation organized and existing under the laws of the State of Utah, having an office and principal place of business at 845 North Overland Rd., North Salt Lake Utah, 84054. Orbit is a manufacturer of, *inter alia*, irrigation timers.

2.      Melnor is a corporation organized and existing under the laws of the State of Delaware, having an office and a principal place of business at 260 West Brooke Road, Winchester, VA 22603. Melnor is a manufacturer of, *inter alia*, irrigation timers.

3.      Sim is a corporation organized and existing under the laws of the State of Minnesota, having an office and a principal place of business at 1001 7th Ave E, Hibbing, MN 55746. Sim distributes and sells, *inter alia*, Melnor irrigation timers at least through Amazon.com.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement under 35 U.S.C. § 1, et seq., and for trade dress infringement under 15 U.S.C. § 1125(a).

5.      This Court has subject matter jurisdiction over the patent infringement and trade dress actions under 28 U.S.C. § § 1331 and 1338(a)-(b), and 15 U.S.C. § 1121(a) as these actions involve federal questions. This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because both the federal and state causes of

action are so related that they form part of the same case or controversy. Further, this Court has supplemental jurisdiction because both the state and federal claims involve a common nucleus of operative facts and considerations of judicial economy dictate that the state and federal issues be consolidated for a single trial.

6.      This Court has personal jurisdiction under Utah Code Ann. § 78B-3-205 over Defendants because Defendants have purposefully directed their activities towards the State of Utah, for example, by selling, offering for sale, and or distributing one or more of the products at issue through various established distribution channels that extend into Utah, including through a variety of nationwide retailers (such as The Home Depot, Sears and/or Amazon.com). Personal jurisdiction over Sim is also proper because Sim has a Utah distributor. Defendants have thus committed tortious acts that have caused injury to Orbit within the State of Utah.

7.      On information and belief, this Court has general personal jurisdiction over Defendants because Defendants have substantial, continuous and systematic contacts with Utah.

8.      The venue is proper in this district pursuant to 28 U.S.C. § 1391 or 1400(b) because a substantial part of the events giving rise to this action occurred within this judicial district and/or the Defendants have committed acts of infringement within the State of Utah by selling and/or offering to sell the Accused Products through established distribution channels, including a variety of nationwide retailers.

## FACTUAL BACKGROUND

9.       Various ornamental aspects of a line of Orbit's irrigation timers (the "Irrigation Timers") are protected, *inter alia*, by U.S. Design Pat. No. D750,506 (the "'506 Patent") and U.S. Design Pat. No. D750,977 (the "'977 Patent") (collectively, the "Asserted Patents"). (Copies of the '506 Patent and the '977 Patent are attached as Exhibits 1 and 2.) Orbit is the exclusive owner and assignee of all right, title and interest in and to the Asserted Patents.

10.       The Irrigation Timers sold by Orbit have been extremely successful and well received by consumers. Orbit has sold literally hundreds of thousands of the Irrigation Timers. The Irrigation Timers, which include Orbit product nos. 24600, 24713, 24713P and 24723, have been sold through nationwide retailers. (*See, e.g.*, Exhibit 3.)

11.       Melnor has manufactured and sold irrigation timers for a number of years. However, after Orbit had sold hundreds of thousands of the Irrigation Timers, Melnor made a pronounced change to its designs and began to market irrigation timers including confusingly similar imitations of ornamental features found in Orbit's Irrigation Timers. In particular, Melnor and Sim recently began advertising, selling and/or offering for sale, for example, product nos. 33100, 33015, 33280, 53100, 53015 and/or 53280 (the "Accused Products") through major national retailers, such as Amazon.com, Sears and The Home Depot.

12.       The Accused Products include design features that are substantially the same as the claimed subject matter of the Asserted Patents, as illustrated in the example provided below:

| The '977 Patent<br>Note: only the portions<br>in solid lines are claimed | Melnor Product No. 53100 |
|---|---|



FIG. 2

13.    As indicated by the example provided above, the claimed portions of the '506 Patent and the '977 Patent are substantially the same as the pertinent portions of the Accused Products such that an ordinary observer would purchase one of the Accused Products believing that the patented product sold by Orbit had been purchased.

14.    In contrast to the plethora of irrigation timers that have been on the market for decades, Orbit's Irrigation Timers include a unique and highly recognizable design feature that is not found elsewhere in the irrigation timer market. The unique nature of this design feature is corroborated, for example, by the United States Patent and Trademark Office finding that the claimed designs are new and not obvious and granting the Asserted Patents. The highly recognizable feature found in Orbit's Irrigation Timers may be described as a plurality of textual

elements disposed in an arcuate row about a display screen (the "Trade Dress"). (*See* Exhibit 3, which provides examples of Orbit's Trade Dress.)

15.     The Trade Dress is so unique and highly recognizable that, through Orbit's extensive sales and advertising, both those who purchase on behalf of retailers and consumers have come to associate the Trade Dress with Orbit. The Trade Dress has thus acquired secondary meaning within the trade and among consumers.

16.     As indicated above, the Defendants are now engaged in an extensive campaign to sell and/or offer to sell the Accused Products including confusingly similar imitations of the Trade Dress through established distribution channels, including a number of national retailers. Melnor's copying of Orbit's Trade Dress involves near exact duplication of the overall shape of the Trade Dress, which is not found elsewhere in the marketplace, and exact duplication of certain textual elements within the Trade dress, while making subtle changes (switching the order of some of the textual elements or making subtle changes to the wording of the text elements) that are not likely to be noticed by consumers in an apparent attempt to avoid responsibility for its misappropriation of Orbit's Trade Dress. On information and belief, Melnor's appropriation of Orbit's designs and goodwill was thus done willfully and with the intent to play off the goodwill generated by Orbit in the Trade Dress.

## Count I
## Patent Infringement
### (35 U.S.C. § 271)

17.     Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

18.     Orbit is the exclusive owner and assignee of all right, title and interest in and to

the '977 Patent. The '977 Patent is valid and enforceable.

19.     Each of the Accused Products includes a design feature that is substantially the same as the ornamental design claimed in the '977 Patent to an ordinary observer giving such attention as a purchaser usually gives such that an ordinary observer would be deceived into purchasing one of the Accused Products believing that the patented product had been purchased.

20.     Defendants have infringed and continue to infringe the claim of the '977 Patent by importing, making, using, selling and/or offering to sell the Accused Products, and Defendants will continue to do so unless enjoined by this Court.

21.     Defendants' activities constitute infringement of the '977 Patent without authority or license from Orbit and in violation of Orbit's rights pursuant to 35 U.S.C. § 271.

22.     Defendants' infringement of the '977 Patent has caused irreparable injury to Orbit, entitling Orbit to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

23.     Defendants' infringing activities entitle Orbit to an award of damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant under 35 U.S.C. § 284.

24.     Alternatively, Orbit is entitled to recovery of Defendants' total profits from its sale of the Accused Products under 35 U.S.C. § 289.

**Count II**
**Patent Infringement**
**(35 U.S.C. § 271)**

25.     Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

26.     Orbit is the exclusive owner and assignee of all right, title and interest in and to

the '506 Patent. The '506 Patent is valid and enforceable.

27.    Each of the Accused Products includes a design feature that is substantially the same as the ornamental design claimed in the '506 Patent to an ordinary observer giving such attention as a purchaser usually gives such that an ordinary observer would be deceived into purchasing one of the Accused Products believing that the patented product had been purchased.

28.    Defendants have infringed and continue to infringe the claim of the '506 Patent by importing, making, using, selling and/or offering to sell the Accused Products, and Defendants will continue to do so unless enjoined by this Court.

29.    Defendants' activities constitute infringement of the '506 Patent without authority or license from Orbit and in violation of Orbit's rights pursuant to 35 U.S.C. § 271.

30.    Defendants' infringement of the '506 Patent has caused irreparable injury to Orbit, entitling Orbit to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

31.    Defendants' infringing activities entitle Orbit to an award of damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant under 35 U.S.C. § 284.

32.    Alternatively, Orbit is entitled to recovery of Defendants' total profits from its sale of the Accused Products under 35 U.S.C. § 289.

### Count III
### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

33.    Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

34.    The Trade Dress has acquired secondary meaning as a result of Orbit's extensive

use, advertising and sales across the United States prior to Defendants' use of confusingly similar imitations of the Trade Dress. Defendants' use of the confusingly similar imitations of the Trade Dress was not authorized by Orbit.

35.   Defendants' unauthorized use of confusingly similar imitations of the Trade Dress is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant is associated or connected with Orbit, or has the sponsorship, endorsement, or approval of Orbit.

36.   The Trade Dress is nonfunctional because, for example, alternative designs are available.

37.   Defendant has made and is making false representations, false descriptions, and false designations of origin through its use of the Trade Dress in violation of 15 U.S.C. § 1125(a) and, unless enjoined by this Court, Defendants' activities will continue to cause a likelihood of confusion and deception to those who purchase on behalf of retailers and to the public and, additionally, injury to Orbit's goodwill and reputation as symbolized by the Trade Dress for which Orbit has no adequate remedy at law.

38.   On information and belief, Defendants' actions demonstrate a willful intent to trade off the goodwill and infringe the Trade Dress to the significant and irreparable injury of Orbit.

39.   Defendants' conduct is likely to cause substantial injury to the public and to Orbit; thus, pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(a), Orbit is entitled to injunctive relief, costs, damages and Defendants' profits. In light of the exceptional nature of Defendants' conduct, Orbit is further entitled to reasonable attorneys' fees, trebling of any damages award, and enhancement

of any award of Defendants' profits.

## Count IV
### STATE UNFAIR COMPETITION
### (Utah Code Ann. § 13-5a-101 et seq.)

40.    Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

41.    Defendants by their actions set forth above have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent; that have caused material diminution in the value of Orbit's Trade Dress; and that constitute infringement of a patent, trademark or trade name.

42.    Defendants' actions as set forth above gives rise to a cause of action for unfair competition under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-5a-101, et seq.

43.    Defendants' activities as set forth above entitle Orbit to an award of actual damages, costs and attorneys' fees and, if the Court determines that the circumstances are appropriate, punitive damages under Utah Code Ann. § 13-5a-103(1)(b).

## Count V
### COMMON LAW UNFAIR COMPETITION

44.    Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

45.    Defendants' unauthorized use of confusingly similar imitations of the Trade Dress is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendants are associated or connected with Orbit or have the sponsorship,

endorsement, or approval of Orbit.

46.    Defendants' conduct constitutes infringement of the common law rights of Orbit that have damaged and will continue to damage Orbit's goodwill and reputation to the irreparable injury of Orbit and unless restrained by this Court, Orbit has no adequate remedy at law.

47.    Defendants' actions violate the common law of Utah and have damaged and continue to damage Orbit and the valuable Trade Dress, causing irreparable harm for which Orbit has no adequate remedy at law.

48.    Defendants' use of the Trade Dress, create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods, and/or cause a likelihood of confusion or of misunderstanding as to the affiliation, connection and association with or certification by Orbit.

## **PRAYER FOR RELIEF**

WHEREFORE, Orbit respectfully prays for final judgment against Defendants as follows:

A.    For a judgment finding that the '977 Patent is valid, enforceable and infringed by the Defendants.

B.    For a judgment finding that the '506 Patent is valid, enforceable and infringed by the Defendants.

C.    For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them to be preliminarily and permanently enjoined from directly or indirectly infringing in any manner the claims of the '506 Patent and the '977 Patent.

D.     For an award of damages adequate to compensate Orbit for the infringement of the '977 Patent, or, in the alternative, an award of Defendants' total profits under 35 U.S.C. § 289.

E.     For an award of damages adequate to compensate Orbit for the infringement of the '506 Patent or, in the alternative, an award of Defendants' total profits under 35 U.S.C. § 289.

F.     For a judgment that Orbit has valid and enforceable rights in the Trade Dress.

G.     For a judgment that the Defendants have committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and/or acts of unfair competition under Utah common law and Utah Code Ann. § 13-5a-103.

H.     For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them to be preliminarily and permanently enjoined from using any confusingly similar imitation of Orbit's Trade Dress.

I.     For an award of Defendants' profits and Orbit's damages to compensate Orbit for Defendants' infringement of the Trade Dress.

J.     For an award of the amount by which Defendants have been unjustly enriched by confused consumers who purchased Defendants' products under the belief that they were purchasing Orbit's products.

K.     For an award to Orbit of its reasonable attorneys' fees pursuant to all applicable federal, state and statutory law, including at least 15 U.S.C. § 1117(a) and Utah Code Ann. § 13-5a-103.

L.     For an award of treble damages against Defendants due to the deliberate, willful and knowing nature of its infringement of the Trade Dress under 15 U.S.C. § 1117(b)

M.     For an award to Orbit of punitive damages pursuant to all applicable federal, state

and statutory law, including at least Utah common law and under Utah Code Ann. § 13-5a-103.

N.     For an award of Orbit's costs in bringing this action pursuant to all applicable federal, state and statutory law, including at least 35 U.S.C. § 284, 17 U.S.C. § 1117(a) and Utah Code Ann. § 13-5a-103.

O.     For an award of prejudgment interest pursuant to all applicable federal, state and statutory law, including at least 35 U.S.C. § 284.

P.     For an award of post-judgment interest pursuant to all applicable federal, state and statutory law, including at least 28 U.S.C. §1961(a).

Q.     For such other and further relief as the Court deems just and equitable.

## **JURY DEMAND**

      Orbit demands a trial by a jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: <u>April 18, 2016</u>            Austin Rapp & Hardman
                                   <u>/s/ Robert S. Rapp</u>
                                   Robert S. Rapp
                                   Attorneys for Plaintiff,
                                   Orbit Irrigation Products, Inc.